UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION
Civil Action No. _____

| | |
|---|---|
| **TRAVIS TAAFFE,** | **CLASS ACTION COMPLAINT** |
| Plaintiff, | **DEMAND FOR JURY TRIAL** |
| vs. | |
| **ROBINHOOD MARKETS, INC., ROBINHOOD FINANCIAL LLC, and ROBINHOOD SECURITIES, LLC,** | |
| Defendants. | |

COME NOW Plaintiff, TRAVIS TAAFFE on behalf of himself and the Class of others similarly situated as defined herein, and hereby files this Class Action Complaint against Defendants Robinhood Markets, Inc., Robinhood Financial LLC and Robinhood Securities, LLC, (collectively "Robinhood") and states as follows:

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**I. PARTIES**

1. Plaintiff Travis Taaffe is an adult citizen of Florida and resides in Sarasota County, Florida.

2. At all times material hereto, Plaintiff Travis Taaffe acquired the Robinhood mobile phone application and utilized the same to acquire, trade and hold securities in Florida.

14252320v21                                          1

3. Defendant Robinhood Markets, Inc. is a financial services holding company incorporated in Delaware, whose subsidiaries provide financial and investment services via an internet/cloud-based platform that is also available on mobile phones. Its subsidiary, Defendant Robinhood Financial LLC, is a full service securities firm engaged in the retail sale of securities and various other financial products. Its subsidiary, Defendant Robinhood Securities, LLC, is a full service securities firm engaged in the retail sale of securities and various other financial products. Defendants Robinhood Markets, Inc., Robinhood Financial LLC, and Defendant Robinhood Securities, LLC, provide internet and mobile phone based securities sales and services to approximately 10 million customers and/or users.

4. On Monday March 2, 2020, the Dow Jones Industrial Average rose over 1,294 points, the S&P 500 rose 136 points, and the Nasdaq rose 384 points in what was the biggest ever point gain in a single day.

5. On this same day, Robinhood's entire trading platform was completely inaccessible and unavailable to all of its customers and/or users. Thus, customers and/or users were not even able to access their cash, securities and/or other property kept on the Robinhood platform, let alone use Robinhood's services to buy, sell or trade securities.

## II. JURISDICTION AND VENUE

6. This Court has original jurisdiction over this matter under the Class Action Fairness Act and 28 U.S.C. §1332. This is a putative class action in which: (1) there are 1 million or more members in the Class; 2) at least some members of the proposed class have different citizenship from at least one Defendant and the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

7. Venue is appropriate as: Robinhood Securities, LLC, has a headquarters in this district; Defendants conduct business in this district; a substantial part of the events and omissions that give rise to the claims alleged herein occurred in this district; and brokerage records related to sale of securities and its books and records are maintained and administered in this district.

### III. FACTUAL ALLEGATIONS

**A. Robinhood's Securities Brokerage Services Were Unavailable To All Customers And/Or Users On March 2, 2020**

8. Robinhood provides "commission-free" trades in stocks, funds and options using an internet/cloud-based platform for individual customers and/or users.

9. It offers these services to its customers and/or users through its mobile phone based application as an alternative to the traditional financial services provided in person, over the telephone or on the internet.

10. On Monday March 2, 2020, the Dow Jones Industrial Average rose over 1,294 points, the S&P 500 rose 136 points, and the Nasdaq rose 384 points in what was the biggest ever point gain in a single day for all three stock market indices.

11. In a March 2, 2020 email to its customers and/or users Robinhood stated, "This morning, starting at 9:33 AM ET, we started experiencing downtime across our platform. These issues are affecting functionality on Robinhood, including your ability to trade."

12. It was not until 2:19 am on March 3, 2020 that Robinhood announced publically on its Twitter account that, "Robinhood is currently back up and running. We're testing through the night, and you may observe some downtime as we prepare for tomorrow."

13. Robinhood's customers and/or users were not able to access Robinhood's platform to engage in any trading activity, to access their funds kept on the platform, to transfer

funds onto the system or to transfer funds off the system for all but 3 minutes of New York Stock Exchange trading hours, 9:30am until 4:00pm on March 2. There were additional outages of Robinhood's platform on March 3, 2020.

14. On March 3, 2020, in a blog post on Robinhood's website, Robinhood's Co-CEOs admitted liability and that it was Robinhood itself which was solely responsible for their complete failure; "We now understand the cause of the outage was stress on our infrastructure—which struggled with unprecedented load. That in turn led to a "thundering herd" effect—triggering a failure of our DNS system." As such, Robinhood admits that the platform outages were due to its own failures and expressly waive any defense related to failures of the platform being out Robinhood's control.

## IV. CLASS ACTION ALLEGATIONS

15. Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class:

> Customers and/or users of Robinhood in the United States who lost the ability to access their Robinhood brokerage accounts to effectuate any transaction therein on March 2, 2020.

16. Plaintiff is a member of the Class he seeks to represent. Plaintiff acquired the Robinhood mobile phone application and utilized the same to acquire, trade and hold securities. Plaintiff was unable to access the mobile phone application to take any action, engage in any trading activity, to access his funds kept on the platform, to transfer funds onto the system or to transfer funds off the system for all but 3 minutes of New York Stock Exchange trading hours, 9:30am until 4:00pm on March 2.

17. The proposed Class is so numerous that joinder of all members is impracticable. There are approximately 10 million customers and/or users of Robinhood, all of which are potential members of the Class.

18. There are questions of law and fact common to the Class, and those questions predominate over individual questions. All customers and/or users of Robinhood were affected by the March 2, 2020 platform outage.

19. The claims alleged by Plaintiff are typical of the claims of the Class.

20. Plaintiff will fairly and adequately represent and protect the interests of the Class.

21. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## V. CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

22. Plaintiff and class members adopt and incorporate paragraphs 1 through 21 in full.

23. Defendants forced Plaintiff and class members to consent to the Robinhood Financial LLC & Robinhood Securities, LLC Customer Agreement[1] in order to gain access to the Defendants' trading platform. *Attached as* **Exhibit A.**

24. Defendants breached their contractual duties to Plaintiff and class members by failing to provide a functioning platform for Plaintiff and class members to access their personal funds, securities and/or other property.

---

[1] Plaintiff does not have access to an executed copy of same nor is he aware of the existence of one. Exhibit A is all that is available and provided to Plaintiff.

25. Defendants' breach also prevented Plaintiff and class members from executing market securities transactions on March 2 and March 3, 2020. This breach caused Plaintiff and class members to miss out on some of the highest single-day market gains in recorded history.

26. Plaintiff and class members have all been damaged in a similar manner due to Defendants breach of contract.

27. Plaintiff requests relief as hereinafter described.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

28. Plaintiff and class members adopt and incorporate paragraphs 1 through 21 in full.

29. Defendants breached their implied warranty of merchantability by failing to provide a trading platform that is acceptable and reasonably fit for the ordinary purposes for which it was being contracted, in this case, for including but not limited to: the purchase and sale of securities, transferring funds into Robinhood or transferring funds out of Robinhood.

30. Defendants are merchants with respect to the kind of goods at issue, as Defendants are broker-dealers engaging in the securities markets.

31. Plaintiff and class members have all been damaged in a similar manner due to Defendants breach of implied warranty of merchantability.

32. Plaintiff requests relief as hereinafter described.

## COUNT III
## NEGLIGENCE

33. Plaintiff and class members adopt and incorporate paragraphs 1 through 21 in full.

34. Defendants owed a duty to Plaintiff and class members to exercise reasonable care in maintaining and supporting Defendants' internet/cloud-based trading platform so that Plaintiff and class members would not be adversely affected by extended system

failures/outages.  This duty includes, *inter alia*, designing, maintaining, and testing Defendants' trading platform to ensure that the platform is adequately secured and protected from upticks in customer trading volume and user engagement.  Defendants had a duty to provide a system and platform robust enough to handle all possible reasonable volumes of trading of securities by customers and users and have a redundant/backup system to handle outages.  Defendants' duty further includes providing Plaintiff and class members with alternative forms of trading when Defendants' mobile trading application was inaccessible; for instance, providing its customers with a phone number to call in order to execute various trades or to have funds transferred.

35. Defendants breached their duty to exercise reasonable care in safeguarding and protecting Plaintiff's and other class members' assets from the extended system failures experienced on March 2, 2020 and March 3, 2020. Defendants further breached their duty by failing to provide adequate support to the trading platform to ensure that it could continue to function during an uptick in trading volume and user engagement.

36. Plaintiff and class members have all been damaged in a similar manner due to Defendants' negligence.

37. Defendants' negligence was the direct and proximate cause of the damages suffered by Plaintiff and the other class members.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court find in favor of them and the Class of similarly situated individuals and against Defendants as follows:

a. Certify this case as a class action;

b. Designate Plaintiff as Class Representative;

c. Designate Plaintiffs' counsel of record as Class Counsel;

    d.      Order appropriate equitable relief to remedy the inappropriate conduct;

    e.      Award Plaintiff and all others similarly situated the full value of all damages sustained now or in the futures as a result of Defendants' conduct;

    f.      Award Plaintiff and all others similarly situated all damages, interest and attorneys' fees recoverable under applicable laws;

    g.      Award Plaintiff and all others similarly situated punitive damages, compensatory and other damages;

    h.      Order injunctive relief including but not limited to an Order requiring that Defendants' systems are capable of handling its customers' and/or users' securities transactions even in a time of heavy trading volume, as well as requiring Defendants to implement adequate redundancy or backup processes to ensure that should a system outage occur there is another avenue for customers and/or users to access, control and trade their cash, securities and/or other property.

    i.      Award Plaintiff and all others similarly situated any and all other relief as this Court deems just and proper; and

    j.      That this matter be tried by a jury.

Dated:  March 4, 2020                          Respectfully submitted,

By:  /s/Michael S. Taaffe  
Michael S. Taaffe  
Florida State Bar No. 490318  
Michael D. Bressan  
Florida State Bar No. 0011092  
Jarrod J. Malone  
Florida State Bar No. 0010595  
Shumaker, Loop & Kendrick, LLP  
240 South Pineapple Ave., 10th Floor  
Sarasota, Florida 34236

Telephone:  (941) 366-6660
Facsimile:  (941) 366-3999
E-Mail:  mtaaffe@shumaker.com
E-Mail:  mbressan@shumaker.com
E-Mail:  jmalone@shumaker.com
*Attorneys for Plaintiff*