UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

------------------------------------------------------------------------x
                                                                                                        :

TRAVIS TAAFFE,                                         :

              Plaintiff,                              :

v.                                                                     :  Case No. 8:20-cv-00513-CEH-SPF

ROBINHOOD MARKETS, INC., ROBINHOOD
FINANCIAL LLC, and ROBINHOOD SECURITIES,
LLC,

              Defendants.

------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Defendants Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC (collectively, "Robinhood") submit this memorandum of law in opposition to Plaintiff Travis Taaffe's Motion for Temporary Restraining Order and Preliminary Injunction.

## PRELIMINARY STATEMENT

Plaintiff ran to court to file this "emergency" motion for a temporary restraining order without first making a good faith effort to contact defense counsel and obtain Robinhood's position or seek a resolution. Had Plaintiff done so, he would have learned that Robinhood's communications with its customers are not intended to interfere in any way with this putative class action or the right of any Robinhood customer to participate as a member of any prospective plaintiff class. Accordingly, those communications raise no issue under Rule 23(d) and there is no possible basis for the extreme remedies sought by Plaintiff, much less any imminent threat of irreparable injury, as required for a temporary restraining order.

In connection with an outage suffered by Robinhood's trading platform in early March 2020, Robinhood reached out to certain customers, offering payments and requesting that they sign a release. That release is intended to relate only to *individual* lawsuits and not to any *class* claims that are asserted in this lawsuit or in any of the seven putative class actions currently pending in California. Robinhood has no intention of enforcing the release to prohibit any customer from participating in this or any other putative class action and is prepared to enter a stipulation to that effect. Plaintiff's motion is therefore unnecessary.

Nor does the primary relief sought by Plaintiff – a prohibition on any additional releases and a determination that the releases are not valid – present any "emergency" or potential for irreparable harm that would justify a temporary restraining order. Even if Robinhood were seeking to bar participation in any prospective class based on a release – which it is not – the Court could address that issue at any time prior to class certification. Plaintiff's request for the

private contact information of all of Robinhood's more than 10 million customers also presents no emergency and suggests ulterior motives.

For these reasons, the Court should deny Plaintiff's motion for a temporary restraining order and preliminary injunction.

## BACKGROUND

Robinhood is an online brokerage firm and a pioneer of commission-free investing. Its customers place securities trades through its website and an app. On March 2-3, 2020, Robinhood's platform experienced an outage that prevented customers from placing trades. In the wake of the outage, Plaintiff filed this putative class action, and seven other plaintiffs have filed putative class actions in California.

Earlier this week, Robinhood began offering customers payments and asking that they sign a release. Robinhood intends those releases to apply only to claims brought in an individual lawsuit or arbitration, and it does not – and will not – take the position that signing a release prevents any customer from being a member of any prospective class in this or any other lawsuit related to the outages.

Although Plaintiff's "Certificate of Good Faith Conference" references an attempt to contact defense counsel by email and telephone (Doc. 10 at p. 18), no such email was received. Plaintiff filed this motion within three hours of leaving a voicemail at 5:00 p.m. and without waiting for a response.

## ARGUMENT

**I.  ROBINHOOD'S COMMUNICATIONS WITH ITS CUSTOMERS ARE NOT MISLEADING AND DO NOT INTERFERE WITH PROSPECTIVE CLASS MEMBERS' RIGHTS.**

Plaintiff is not entitled to relief under Rule 23(d) because he fails to show that Robinhood's communications interfere in any way with this lawsuit, much less that they reflect

"misconduct of a serious nature" or "threaten[] the proper functioning of the litigation." *Sewell v. D'Alessandro & Woodyard, Inc.*, No. 07-cv-343, 2008 WL 2445765, at *3 (M.D. Fla. June 16, 2008); *Cox Nuclear Med. v. Gold Cup Coffee Servs., Inc.*, 214 F.R.D. 696, 698 (S.D. Ala. 2003). "[A]n order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981).

      Plaintiff's motion is based on the incorrect assumption that, in seeking to make payments to customers and requesting releases, Robinhood intends to enforce those releases so as to bar a customer from participating as a member of the putative class. *See In re Apple Inc. Device Performance Litig.*, 18-MD-02827, 2018 WL 4998142, at *5-8 (N. D. Cal. Oct. 15, 2018) (denying relief under Rule 23(d) because the defendant's offer of remediation did not waive claims in class action). To the contrary, Robinhood will enforce releases only in the context of individual lawsuits or arbitrations – *i.e.*, disputes outside of the class action context. Robinhood is prepared to enter into a stipulation to this effect at the appropriate time. Customers clearly are better off receiving payment now, irrespective of any potential recovery that might be obtained through class action litigation, particularly as any such potential future recovery would be shared with class action lawyers. Robinhood reserves its objection to any putative class member's effort to seek the same recovery twice.

      Because Robinhood made no misleading statements to prospective class members about this lawsuit and is not seeking to enforce the release as it pertains to class actions, no corrective action pursuant to Rule 23(d) is permitted. *See Gulf Oil*, 452 U.S. at 100-01. There is no basis, therefore, to restrict Robinhood from communicating with prospective class members. *See*

*Sewell*, 2008 WL 2445765, at *3 (An order "restricting the communications between representative parties and their counsel and putative class members . . . may not be issued unless there is actual or threatened misconduct of a serious nature."). Nor is there any need for this Court to rule on the validity of the release, as it will not be enforced as to claims asserted in this or other putative class action lawsuits.[1] The request of Plaintiff's counsel for the highly confidential contact information of all of Robinhood's customers, including email addresses, plainly is more indicative of an attempt to gain information for purposes of an amended complaint than to provide any benefit to those customers.

## II.   PLAINTIFF IS NOT ENTITLED TO A TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION.

Plaintiff's request for a temporary restraining order is baseless. Plaintiff has no colorable basis to assert that he or the putative class "is threatened with irreparable injury" that is "so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." L.R. 4.05(b)(2). Even if Robinhood were seeking to enforce the release so as to prohibit participation in a class – which it is not – "the issue of whether the releases bar claims from any putative class members can be adequately addressed by the parties and the Court at a later stage in this ligation." *In re SunTrust Banks, Inc. 401(k) Plan Affiliated Funds ERISA Litig.*, No. 11-cv-784, 2017 WL 9884901, at *2 (N.D. Ga. Feb. 27, 2017).

Plaintiff's request for a preliminary injunction fares no better because he does not demonstrate "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant, and (4) that granting the injunction

---

[1]   To the extent any Robinhood customer is unclear as to whether he or she may be member of a prospective class, that point can be addressed through class notice, should this litigation reach the appropriate stage for such a notice.

4

would not disserve the public interest." *Suntrust Bank v. Houghton Mifflin Co.*, 268 F.3d 1257, 1265 (11th Cir. 2001). "In this Circuit, a preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion as to the four requisites." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal alteration and quotations omitted).

*First*, for the reasons discussed above, Robinhood's communications do not run afoul of Rule 23(d), and therefore Plaintiff is unlikely to succeed on the merits.

*Second*, there is no "substantial threat of irreparable injury" because no Robinhood customer is prohibited from participating in any putative class action on the basis of having signed a release. Moreover, claims for money damages do not constitute irreparable injury. "Mere injuries, however substantial, in terms of money . . . are not enough." *Clewiston Commons LLC v. City of Clewiston*, No. 18-cv-339, 2019 WL 480502, at *3 (M.D. Fla. Feb. 7, 2019); *see also id.* ("The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies," and the irreparable harm must be "neither remote nor speculative, but actual and imminent.") (internal quotations omitted). The absence of irreparable injury "standing alone" makes preliminary injunctive relief improper. *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).

*Third*, the balance of hardships does not weigh in favor of Plaintiff, as neither he nor prospective class members face any potential hardship. To the contrary, Robinhood customers benefit from receiving payments and their signing of a release does not impact their ability to participate in this putative class action lawsuit.

*Fourth*, restricting Robinhood's communications with its customers in the absence of misconduct would harm the public interest because "[p]re-certification communications to

5

potential class members are permitted and are considered constitutionally protected speech." *In re Apple Inc. Device Performance Litig.*, 2018 WL 4998142, at *4-8.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction should be denied.

March 27, 2020

/s/ *Dennis P. Waggoner*
Dennis P. Waggoner
Florida Bar No. 509426
dennis.waggoner@hwhlaw.com
HILL, WARD & HENDERSON, P.A.
101 East Kennedy Blvd., Suite 3700
Tampa, Florida 33602
Tel: (813) 221-3900
Fax: (1813) 221-2900

Maeve O'Connor (*pro hac vice* to be filed)
Elliot Greenfield (*pro hac vice* to be filed)
Brandon Fetzer (*pro hac vice* to be filed)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Attorneys for Defendants Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC*