UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAVIS TAAFFE,

    Plaintiff,

v.                                   Case No: 8:20-cv-513-T-36SPF

ROBINHOOD MARKETS, INC.,
ROBINHOOD FINANCIAL LLC, and
ROBINHOOD SECURITIES, LLC,

    Defendants.
_____/

# **ORDER**

This cause comes before the Court *sua sponte*. Travis Taaffe ("Plaintiff") sues Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC (collectively, "Defendants") for breach of contract, breach of implied warranty of merchantability, and negligence. (Doc. 1 ¶¶28–37). Plaintiff alleges that the Court has subject matter jurisdiction over this matter "under the Class Action Fairness Act and 28 U.S.C. § 1332." *Id.* at ¶5. However, Plaintiff's allegations do not sufficiently establish the basis for the Court's subject matter jurisdiction.

## **DISCUSSION**

Federal courts must *sua sponte* inquire into subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the

parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a)(1). Each defendant must be diverse from each plaintiff for diversity jurisdiction to exist under 28 U.S.C. § 1332. *Univ. of S. Ala.*, 168 F.3d at 412.

The Eleventh Circuit has repeatedly stressed that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Taylor*, 30 F.3d at 1367. A natural individual is a citizen of the state in which he or she is domiciled. *Plevin v. U.S. Bank Nat'l Ass'n for Fla. Mortg. Resolution Trust, Series 2014-4*, No. 6:15-cv-412-Orl-41KRS, 2015 WL 12859413, at *1 (M.D. Fla. May 13, 2015) (Spaulding, Mag.) (citing *McCormick*, 293 F.3d at 1257). "A person's domicile is the place of his true, fixed and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick*, 293 F.3d at 1257 (internal quotations and alterations omitted). Further, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business," 28 U.S.C. § 1332(c)(1), while a limited liability company is deemed "a citizen of any state of which a member of the company is a citizen," *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam).

Additionally, Congress enacted the Class Action Fairness Act of 2005 ("CAFA") "to address inequitable state court treatment of class actions and to put an end to certain abusive practices by plaintiffs' class counsel." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1193 (11th Cir. 2007). CAFA added subsection (d) to the federal diversity jurisdiction statute, 28 U.S.C. § 1332. *Id.* This subsection established lower threshold requirements for jurisdiction and, thus, broadened diversity jurisdiction to bring certain class actions. *Id.* The statute provides:

> [D]istrict courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2).

For purposes of 28 U.S.C. § 1332(d)(2), "[c]itizenship of the members of the proposed plaintiff classes shall be determined . . . as of the date of filing of the complaint or amended complaint . . . ." *Id.* § 1332(d)(7).

Here, Plaintiff brings this action on behalf of a putative class, which he defines as "[c]ustomers and/or users of Robinhood in the United States who lost the ability to access their Robinhood brokerage accounts to effectuate any transaction therein on March 2, 2020." (Doc. 1 ¶15). Plaintiff invokes the Court's subject matter jurisdiction over the action on the basis of "the Class Action Fairness Act and 28 U.S.C. § 1332." *Id.* at ¶6. Because Plaintiff references 28 U.S.C. § 1332, his complaint includes only state law causes of action against Defendants, and Plaintiff

3

attempts to set forth the citizenship of the parties to the action, the Court construes the complaint as seeking to invoke the Court's subject matter jurisdiction under the broadened diversity jurisdiction standard for certain class actions under 28 U.S.C. § 1332(d). As such, the Court must evaluate Plaintiff's attempt to invoke the Court's jurisdiction under 28 U.S.C. § 1332(d).

Bringing this putative class action under Rule 23, Plaintiff alleges that there are more than one million members in the class. *Id.* at ¶6. Plaintiff also alleges that the claims of these proposed class members exceed $5 million in the aggregate. *Id.* However, whether this $5 million amount excludes interests and costs, as required by 28 U.S.C. § 1332(d), is unclear. Next, to satisfy diversity of citizenship under 28 U.S.C. § 1332(d), Plaintiff alleges that he is a citizen of Florida. *Id.* at ¶1. Plaintiff next alleges that "Defendant Robinhood Markets, Inc. is a financial services holding company incorporated in Delaware, whose subsidiaries provide financial and investment services via an internet/cloud-based platform that is also available on mobile phones." *Id.* at ¶3. While this allegation indicates that Defendant Robinhood Markets, Inc. is incorporated in Delaware, Plaintiff otherwise fails to allege Defendant Robinhood Markets, Inc.'s principal place of business. As such, the Court is unable to determine the citizenship of Defendant Robinhood Markets, Inc. Because 28 U.S.C. § 1332(d) requires "any member of a class of plaintiffs" to be "a citizen of a State different from any defendant," the Court looks to the citizenship of Defendant Robinhood Financial LLC and Defendant Robinhood Securities, LLC. However, this examination proves unavailing, as Plaintiff does not allege the citizenship of either party. Instead, Plaintiff merely describes Defendants Robinhood Financial LLC and Robinhood Securities LLC as subsidiaries and alleges that both entities are full-service securities firms engaged in the retail sale of securities and other financial products. *Id.* Thus, the Court is unable to determine the citizenship

of any of Defendants. As a result of the above-mentioned failures, the Court is unable to determine whether it has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d).

Accordingly, it is hereby **ORDERED** as follows:

Plaintiff is directed to **SHOW CAUSE** as to why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff shall file a written response with the Court within **FOURTEEN (14) DAYS** from the date of this Order. Additionally, Plaintiff may file an amended complaint with **FOURTEEN (14) DAYS** which cures the jurisdictional deficiencies noted herein. Failure to respond within the time provided will result in the dismissal of this action without further notice.

**DONE AND ORDERED** in Tampa, Florida on March 31, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any