UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAVIS TAAFFE, *et al.*

    Plaintiffs,

v.                                                 Case No: 8:20-cv-513-T-36SPF

ROBINHOOD MARKETS, INC., *et al.*,

    Defendants.
_____/

## **O R D E R**

This cause comes before the Court upon the Joint Motion to Transfer Venue (the "Motion"). (Doc. 16). The Motion is due to be granted.

## **DISCUSSION**

Plaintiffs and Defendants jointly move the Court to transfer this action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1404(a). (Doc. 16 at 1). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action . . . to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Suomen Colorize Oy v. DISH Network L.L.C.*, 801 F. Supp. 2d 1334, 1337 (M.D. Fla. 2011) (Covington, J.) (internal quotation marks omitted). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In determining whether to transfer a case, the Court considers:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). "[T]he decision whether to transfer a case is left to the sound discretion of the district court . . . ." *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982).

Here, all parties consent to the transfer of this action to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 1404(a). (Doc. 16 at 1). The parties contend that the proposed transfer serves the interests of justice and judicial economy because eight other putative class actions asserting claims against Defendants based on substantially similar factual allegations as the present action pend before the United States District Court for the Northern District of California (the "California Actions").[1] *Id.* at 2. Consequently, transfer of this action would prevent duplicative, or potentially inconsistent, rulings and reduce expenses. *Id.* The proposed transfer would also allow the parties to seek the consolidation of this action with the California Actions. *Id.*

Further, the parties agree that the proposed transfer would serve the convenience and interests of the parties, as well as any non-party witnesses, because most relevant witnesses are located at Robinhood's headquarters in California. *Id.* Relatedly, the parties assert that the United States District Court for the Northern District of California is more likely to be able to compel the live testimony of any Robinhood employees who depart from the company. *Id.* Finally, the parties

---

[1] The Motion lists the case numbers for these eight actions. (Doc. 16 at 2 n.1). With the exception of two of these actions, all actions pend in the San Francisco Division of the United States District Court for the Northern District of California.

point out that the Robinhood Customer Agreement is governed by laws of California. *Id.* at 3. The parties contend that the judges of the United States District Court for the Northern District of California will have greater familiarity with the laws of California. *Id.*

Consideration of the parties' arguments for transfer and the applicable transfer factors under § 1404(a), including, without limitation, the convenience of witnesses, the convenience of the parties, the transferee forum's familiarity with governing law, and trial efficiency and the interests of justice, warrants the transfer of this action to the United States District Court for the Northern District of California. As such, the Court will grant the Motion.

Accordingly, it is hereby **ORDERED** as follows:

1. The Joint Motion to Transfer Venue (Doc. 16) is **GRANTED**.

2. This action is hereby **TRANSFERRED** to the United States District Court for the Northern District of California, San Francisco Division, for all further proceedings, pursuant to 28 U.S.C. § 1404(a).

3. The Clerk is hereby directed to transfer this action immediately to the United States District Court for the Northern District of California, San Francisco Division, and close this case.

**DONE AND ORDERED** in Tampa, Florida on April 13, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any